IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Linda Farrow, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Greentree Mortgage Company, L.P., <br> c/o Resident Agent <br> CT Corp <br> 300 E. Lombard St. <br> Baltimore MD 21202 <br><br> And <br><br> John Does 1-5, <br><br> Defendants. | Case No. _____ <br><br> **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

1. Plaintiff Linda Farrow brings this action to secure redress for a course of conduct that included the accessing of plaintiff's credit report without consent or any lawful reason, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. § 1681p. Venue in this District is proper in that mailing and other acts that gave rise to the violations of law complained of were conducted, directed to and received by plaintiff in this District.

## PARTIES

3. Plaintiff is Linda Farrow an individual who resides at 15451 Falling Waters Rd., Williamsport MD 21795.

4. Defendant Greentree Mortgage Company, L.P. ("Greentree") is a Delaware Partnership.

5. The Defendant Greentree has regularly transacted business in Maryland and has participated in the wrongful conduct complained of herein and caused injury to the Plaintiff and others.

6. The remaining John Doe defendants cannot be identified by the plaintiff at this time.

## FACTS

7. In 2006, Plaintiff received the "Important Message" attached as Exhibit 1 via the United States mail. On information and belief, the parties responsible for the transmission of Exhibit 1 are defendants.

8. Plaintiff had not requested credit, nor was it a replacement for any other credit plaintiff had.

9. The flyer stated that the offer was a "prescreened" offer of credit. (See Exhibit 1).

10. Plaintiff had not authorized anyone to access her credit report, nor does the sending of the material in Exhibit 1 constitute a permissible reason for anyone to access plaintiff's credit report without her consent.

11. The sending of Exhibit 1 does not qualify as a "firm offer of credit"

within the meaning of the Fair Credit Reporting Act justifying the obtention of credit report information, in that the purported offer is so vague and lacking in terms as not to constitute an "offer capable of acceptance". A promise of credit is not capable of being accepted to form an enforceable credit unless it specifies (a) the amount of the credit, (b) the rate of interest and (c) the duration of the credit. Furthermore, the document states that she must call to determine her eligibility.

## COUNT I - FAIR CREDIT REPORTING ACT

12. Plaintiff incorporates the foregoing ¶¶.

13. The FCRA, 15 U.S.C. § 1681 b, provides it is permissible to obtain a credit report on a consumer only with the written consent of the consumer or for certain "permissible purposes, which insofar as pertinent are the extension of credit to, or review or collection of an account of, the consumer, employment purposes, the underwriting of insurance, or in connection with a business transaction that is initiated by the consumer. The requester must certify to the credit bureau that a permissible purpose exists.

14. Defendants, acting in concert, obtained the credit report or other private credit information of plaintiff and every other person to whom Exhibit 1 was sent without their written permission or a "permissible purpose".

15. The FCRA, 15 U.S.C. § 1681n, provides:

**§1681n. Civil liability for willful noncompliance**

**(a) In general. Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§ 1681 et seq.] with respect to any consumer**

**is liable to that consumer in an amount equal to the sum of -**

**(1)**

**(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $1,000; or**

**(B) in the case of liability of a natural person for obtaining a Consumer report under false pretenses or knowingly without a Permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;**

**(2) such amount of punitive damages as the court may allow; and**

**(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney=s fees as determined by the court....**

16.   The FCRA, 15 U.S.C. § 1681p, provides:

**§ 1681p.  Jurisdiction of courts; limitation of actions**

**An action to enforce any liability created under this title [15 USC §§ 1681 et seq.]may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this title [15 USC §§ 1681 et seq.] to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this title [15 USC §§ 1681 et seq.], the action may be brought at any time within two years after the discovery by the individual of the misrepresentation.**

17.   The Defendants acted willfully in obtaining information from the Plaintiff and class members' credit reports.

## CLASS ALLEGATIONS

18.   This claim is brought on behalf of a class, consisting of all persons in the

state of Maryland whose credit reports defendants accessed for the purpose of transmitting material similar to that in Exhibit 1 on or after a date two years prior to the filing of this action.

19. The class is so numerous that joinder of all members is impracticable. Upon information and belief, a letter identical to Exhibit 1, was sent to thousands of people.

20. A letter identical to Exhibit 1 was sent to at least 1,000 persons.

21. The Defendants accessed information from credit reports about each person who was sent a letter identical to Exhibit 1.

22. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class member. The predominant common question is whether obtaining the credit information or report for the purpose of transmission of the material in Exhibit 1 violates the FCRA.

23. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

24. Upon information and belief, Defendants did not treat the Plaintiff any differently than any other person to whom it sent Exhibit 1.

25. Plaintiff will fairly and adequately represent the members of the class. Plaintiff is upset at the unlawful accessing of her credit report.

26. Plaintiff has retained counsel experienced in the prosecution of similar claims.

27. A class action is superior for the fair and efficient prosecution of this litigation. Class-wide liability is essential to cause defendants to stop their improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and in favor of the class for:

    a.    Statutory damages of $1,000 per person

    b.    Punitive damages

    c.    Attorney's fees, litigation expenses and costs of suit;

    d.    Such other or further relief as is appropriate.

Respectfully submitted,

__/s/_ Scott C. Borison_____
Scott C. Borison
Bar No. 22576
Janet Legg
Bar No. 15552
Legg Law Firm, LLC.
5500 Buckeystown Pike
Frederick MD 21703
Borison@legglaw.com
(301) 620-1016
(301) 620-1018 fax
Attorneys for Plaintiff

Of Counsel:
Christopher M. Lefebvre Esquire
Claude Lefebvre Christopher Lefebvre, P.C.
Two Dexter Street Pawtucket
PO BOX 479
Pawtucket, R.I. 02862
401-728-6060
401-728-6534-fax