IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Linda Farrow, individually and on behalf of all others similarly situated, | * * * * |
| Plaintiff, | * * |
| v. | * * |
| Greentree Mortgage Company, L.P., et al., | * * * |
| Defendant. | * * |

Case No. 06-CV-2800-WDQ

### FINAL JUDGMENT AND ORDER

On September 28, 2007, a hearing was held to determine 1) whether for purposes of settlement this action should be finally certified as a class action pursuant to Rule 23 (a) and (b)(3) on behalf of the Class defined in this Court's Order Preliminarily Certifying Settlement Class and Granting Preliminary Approval of Proposed Class Settlement ("Preliminary Approval Order"), dated July 3, 2007; (2) whether the terms and conditions of the Stipulation of Settlement (the "Settlement"), are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendant in this action and the release of the Released Parties as defined in the Settlement, and should be approved; (3) whether judgment should be entered dismissing this action <u>with prejudice</u> in favor of the Defendant and the other Released Parties as defined in the Settlement, and against all persons who are members of the Class certified in the Preliminary Approval Order and who have not requested exclusion therefrom; and (4) the amount to be awarded to the Class Representative as an incentive payment and the

amount of attorneys' fees and costs to be awarded to Class Counsel.  The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons reasonably identifiable who met the definition of the Class, at the respective addresses set forth in Defendant Greentree's records; and the Court having considered and determined the fairness and reasonableness of the requested award for Class Counsel's legal fees and expenses, and all capitalized or defined terms used herein having the meanings as set forth and defined in the Settlement.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court finds that the Class, as defined below, is so numerous that joinder of all members is impracticable; that questions of law or fact common to the Class predominate over any questions affecting only individual members of the Class; that the claims of the Class representative are typical of the claims of the Class; that the Class Representative and Class Counsel fairly and adequately protect the interests of the Class.  In appointing Class Counsel, I have considered the work counsel has done in identifying or investigating potential claims in the action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class, all of which favor appointment of Scott C. Borison and Janet Legg of Legg Law Firm, LLC. and Christopher Lefebvre as Class

Counsel.

2. That the settlement of this action on a classwide basis is an appropriate and superior method for the fair and efficient adjudication of the claims against the Defendants and other Released Parties.

3. This action may be maintained as a class action pursuant to Rule 23 (a) and (b)(3).

4. The determinations with respect to class certification are without prejudice to Defendants' rights to contest class certification in this action in the event that either the Settlement or this Order and Final Judgment is terminated or invalidated for any reason prior to the Effective Date.

5. The Settlement Class consists of persons with addresses in the state of Maryland whose credit information Greentree allegedly accessed for the purpose of transmitting material in a form similar to that of Exhibit A to the Complaint on or after October 24, 2004 and who did not authorize defendant to access their credit information, but excluding all persons who: (i) applied for and received credit in response to Greentree's offer; (ii) are employed by plaintiff's counsel or are related to an employee of plaintiff's counsel; (iii) are employed by the Court or are related to an employee of the Court; (iv) are an employee, agent, affiliate of Greentree or its subsidiaries, legal representatives, heirs,

successors and assigns; or (v) choose to opt out of the class.

6. The claims to be addressed by the class are any and all claims whatsoever, including any claims for damages of any type (including, without limitation, actual, statutory, and punitive damages), that arise of could have arisen from Greentree's alleged accessing of consumer credit information in connection with the extension of the offer of credit attached as Exhibit A to the Complaint and/or Greentree's mailing of the offer of credit attached as Exhibit A to the Complaint.

7. The terms and conditions of the Settlement constitute a good faith compromise of disputed claims and defenses and are the product of arm's length bargaining among the Parties. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Class, and the Class members and the Parties are directed to consummate the Settlement in accordance with its terms and provisions.

8. The Notice which has been given is the best notice practicable under the circumstances consisting of individual mail notice to all members of the Class who could be identified by Defendant Greentree based on its reasonably available records. The Court finds that the Notice fully and accurately informed the Class of all relevant and material elements of the Settlement and afforded members of the Class adequate time to decide whether to

          participate or opt out of the proposed Settlement. The notice given satisfies the requirements of due process and Rule 23.

9. All claims in this action are hereby dismissed in entirety on the merits and <u>with prejudice</u> and without costs, as against the Defendant, Greentree Mortgage L.P., its past or present parents, affiliates, subsidiaries, successors and assigns and its present or former partners, officers, employees and agents ("Released Parties") of any and all claims whatsoever, including any claims for damages of any type (including, without limitation, actual, statutory, and punitive damages), that arise of could have arisen from Greentree's accessing of consumer credit information in connection with the extension of the offer of credit attached as Exhibit A to the Complaint and/or Greentree's mailing of the offer of credit attached as Exhibit A to the Complaint ("Released Claims").

10. Members of the Class and their heirs, executors, administrators, representatives, agents, successors, predecessors-in-interest, and assigns are hereby bound by this judgment, including the release in paragraph 14 of the Settlement, and are permanently and conclusively barred and enjoined from instituting, commencing or prosecuting, either directly, indirectly, representatively, or in any other capacity, any Released Claims described in the foregoing paragraph against any Released Party for which a release was

> given under paragraph 14 of the Settlement. All of the Released Claims are hereby compromised, settled, released, discharged and dismissed <u>with</u> <u>prejudice</u> by virtue of the proceedings herein and this Order and Final Judgment.

11. The Court finds that the sum of $1,500 to be paid to the Class Representative is a fair and reasonable amount to be paid to her.

12. The Court finds the sum of $33,250 to Class Counsel for attorneys' fees and costs is fair and reasonable amount based and hereby awards that amount to be paid out of the Common Fund defined under the Settlement.

13. The Court further finds that the Distributable Common Fund, as defined in the Settlement, if any, shall be contributed in equal portions to the following: in equal shares, to Civil Justice, Inc. and the Maryland Consumer Rights Coalition.

14. All payments from the common fund shall be made by the time set forth in the Settlement.

15. No objections to the settlement have been filed.

16. If the Settlement does not become effective or is terminated, then this Final Order and Judgment shall be rendered null and void.

17. Without affecting the finality of this judgment, this Court retains exclusive jurisdiction over the Parties and the members of the Class for all matters relating to this action, including the administration, interpretation, effectuation or enforcement of the

Settlement and this Order and Final Judgment.

18. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

19. No persons have filed a timely and proper request for exclusion in writing.

**IT IS SO ORDERED.**

_____
William D. Quarles
United States District Judge   9/28/7

9/28/07
c/s
H/D in open court